104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda KROLOP, Plaintiff,
Daryl Rice; Lifetime Nutrition Company; Cheryl Swager,
Defendants-Counterclaimants-Appellants,
v.
Steven A. SILVERSTEIN, Counterdefendant-Appellee.
 No. 95-56360.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 20, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We must decide whether summary judgment in favor of Steven Silverstein was proper with respect to Daryl Rice's claims of copyright infringement, breach of fiduciary duty, intentional misrepresentation, and other causes of action. Because the parties are familiar with the facts, we will not reiterate them here.
 
 
 3
 * Rice's direct copyright infringement claim fails because he has not provided specific facts from which a reasonable jury could infer that Silverstein was involved in any infringing activity. Rice's theory that Silverstein was secretly controlling the use of the Marketing Program is unsupported. Summary judgment was therefore proper.
 
 
 4
 Rice also raises two new theories for copyright infringement on appeal: vicarious liability and contributory liability. Because we may consider only the facts and legal theories that were before the district court, we will not consider these theories. USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1284 (9th Cir.1994).
 
 II
 
 5
 The evidence Rice proffers in support of his breach of fiduciary duty claim does not raise a genuine issue of material fact. Even assuming the existence of a fiduciary relationship, Rice's facts, based exclusively on his declaration in opposition to the motion for summary judgment, establish only that Silverstein may have given bad advice to Rice. Rice's claim that Silverstein did not disclose the nature of Silverstein's relationship with Krolop is not persuasive given that Rice was living with Krolop, attended an engagement party for the couple, and went to their wedding ceremony. The district court did not err in granting summary judgment.
 
 III
 
 6
 The district court ruled that Rice failed to produce evidence that Silverstein's representations were false--an essential element of a claim of intentional misrepresentation, Tri-Delta Engr. v. Insurance Co. of N. America, 146 Cal.Rptr. 14, 18 (Cal.Ct.App.1978). We agree that Rice does not present specific facts showing the falsity of Silverstein's representations. A reasonable jury could not infer that Silverstein's representations were false based on the facts Rice identifies in the record.
 
 IV
 
 7
 Rice concedes that his claims of conspiracy, RICO, intentional interference with contractual relations, and unfair competition are dependent on the three claims discussed above. Because Rice failed to raise a genuine issue of material fact with respect to any of these claims, summary judgment was appropriate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel has unanimously determined that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34 and Ninth Circuit Rule 34-4
 
 
 **
 This memorandum is not appropriate for publication and may not be cited except as provided by Circuit Rule 36-3